WHITE *v.* WHITE.

HANNA DOTSON WHITE AND EARL C. WHITE, JR., EXECUTORS OF THE LAST WILL AND TESTAMENT OF EARL C. WHITE, SR., DECEASED, v. HANNA DOTSON WHITE, WIDOW; EARL C. WHITE, JR. AND WIFE, PAULINE FURR WHITE; SHIRLEY WHITE BENFIELD AND HUSBAND, DR. ROBERT H. BENFIELD; RICHARD DOTSON WHITE, UNMARRIED; EARL BRENT WHITE, MINOR; JENNIE GLYNN WHITE, MINOR; CYNTHIA DOTSON WHITE, MINOR; LAURA ELLEN BENFIELD, MINOR, ROBERT HANEY BENFIELD, MINOR; AND ALL OTHER PERSONS WHOSE NAMES ARE UNKNOWN IN BEING OR WHO MAY BE IN BEING AT OR PRIOR TO THE TIME OF THE DEATH OF HANNA DOTSON WHITE AND WHO HAVE OR MAY HAVE AN INTEREST IN THE ESTATE OR ASSETS OF EARL C. WHITE, SR., DECEASED.

(Filed 26 March, 1958)

APPEAL by guardian ad litem for minor defendants and by guardian ad litem for unknown persons, from *Moore (Dan K.), J.,* December 2, 1957, B Term, MECKLENBURG Superior Court.

Civil action by the executors for interpretation and construction of the Last Will and Testament of Earl C. White, Sr., Deceased. The cause was heard upon the verified pleadings, motions, stipulations, including the will.

Judge Moore made detailed findings of fact, stated his conclusions of law, and thereon adjudged that the testator in the will, "devised and bequeathed absolutely and in fee simple forever to his wife, Hanna Dotson White, all of the property described in his will with the exception of 35 shares of stock in Carolinas Auto Supply House which he bequeathed to his daughter, Shirley White Benfield, and 35 shares of stock in Carolinas Auto Supply House which he bequeathed to his son, Richard Dotson White." The executors were directed "to administer and distribute the estate" accordingly.

Each guardian ad litem excepted to the judgment, and appealed.

*Samuel M. Millette and Paul B. Guthrey, Jr., for Guardians ad Litem, appellants.*

*E. McA. Currier, for defendant, appellees.*
*Lelia M. Alexander, for plaintiff, appellees.*

PER CURIAM: The appellants assign as error the court's adjudication that it was the intent of the testator to devise and bequeath to his wife, Hanna Dotson White, in fee simple, all the property mentioned in his will except 70 shares of stock specifically devised equally between his daughter, Shirley White Benfield, and his son, Richard Dotson White. The will and the court's interpretation of it are parts of the record, and before us. The appellants conceded on the argument, and correctly so, that for them and those whom they represent to have any interest in the estate and, therefore, any standing in court, it would be necessary to construe the will as conveying a life estate only

to Hanna Dotson White, with the contingent remainder to the testator's three children, Earl C. White, Jr., Shirley White Benfield, and Richard Dotson White, with final devisees and legatees to be determined by the call of the roll at the death of the life tenant. The will does not permit of the interpretation appellants seek to have the court place upon it. In no event does the will create a contingent remainder. The appellants, therefore, have no interest in the estate, contingent or otherwise. They are not parties aggrieved by the adjudication.

The judgment of the Superior Court of MECKLENBURG County is Affirmed.